375 F.2d 122
 Catherine MUTH, Administratrix of the Estate of Clem Muth, Deceased, and Mollie Darr, Administratrix of the Estate of Kurt Darr, Deceased, Claimants-Appellants,
v.
Harriet M. ATLASS and Chicago Title and Trust Company, Executors of the Will of H. Leslie Atlass, Petitioners-Appellees.
 No. 15837.
 United States Court of Appeals Seventh Circuit.
 January 25, 1967.
 Certiorari Denied May 8, 1967.
 
 See 87 S.Ct. 1484.
 G. Kent Yowell, Harold Liebenson, Edward G. Raszus, Chicago, Ill., for claimants-appellants.
 Edward B. Hayes, Warren C. Ingersoll, Lord, Bissell & Brook, Chicago, Ill., for petitioners-appellees.
 Before KILEY, SWYGERT and MAJOR, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal presents this case for the second time. The suit was brought in admiralty in April, 1957, by petition of Atlass as owner of the yacht "Sis" for exoneration from or limitation of liability for the deaths of seamen Clem Muth and Kurt Darr, who were drowned while returning, from a night ashore, to the yacht, then in a shipyard in the Detroit River. Widows of the seamen, as administratrices of the decedents' estates, filed answers to the Atlass petition and claims for recovery of damages under the Jones Act in May, 1957. Atlass died November 18, 1960, and his widow and the Chicago Title and Trust Company were substituted as petitioners. After a lengthy trial the district court denied the petition for exoneration, but granted a limitation of liability. Petitioners and claimants both appealed from that judgment.
 
 
 2
 On June 30, 1965, this court filed its opinion in those appeals, Nos. 14872 and 14873. In re Atlass' Petition, 350 F.2d 592 (7th Cir. 1965), cert. denied, 382 U.S. 988, 86 S.Ct. 551, 15 L.Ed.2d 476 (1966). We held that the deaths of claimants' decedents Clem Muth and Kurt Darr were the "result solely of their own gross misconduct"; and that the district court had erred in refusing to exonerate petitioner Atlass from all loss or damage resulting from the deaths. We reversed the judgment of the district court and remanded "for such further proceedings as are not inconsistent with this holding." Id. at 601.
 
 
 3
 Thereafter claimants filed a petition for rehearing in this court, which was denied. Their petition for certiorari to the Supreme Court of the United States was denied. 382 U.S. 988, 86 S.Ct. 551, 15 L.Ed.2d 476 (1966). They then petitioned for rehearing of the denial of certiorari. The petition was denied by the Supreme Court, 383 U.S. 923, 86 S.Ct. 884, 15 L.Ed.2d 679 (1966), as was a motion for leave to file a second petition for rehearing. 384 U.S. 914, 86 S.Ct. 1336, 16 L.Ed.2d 368 (1966). The mandate of this court thereafter issued.
 
 
 4
 The mandate was filed in the district court April 12, 1966. Claimants there filed "A Motion to Clarify Findings in Accordance with the Mandate of the U. S. Court of Appeals." The district court heard extensive arguments of counsel, denied the motion May 26, 1966, and entered judgment June 24, 1966, "That the prayer of [Atlass'] petition for exoneration is granted and sustained," and assessed the claims of claimants "upon the merits and with prejudice." The appeal now before us followed seeking a reversal of the district court judgment of June 24, 1966, entered pursuant to this court's mandate in Appeals No. 14872 and 14873.
 
 
 5
 We think that our previous holding in this case and the mandate issued pursuant to that holding virtually directed the district court to enter the judgment which it entered and from which the appeal before us is taken. The court would have erred if it had not entered the judgment it did enter.
 
 
 6
 Affirmed.